IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OFARKANSAS
NORTHERN DIVISION

**LATASHA WILLIAMS**                                                      **PLAINTIFF**

**V.**                                   NO. **3:22cv2-DPM**

**HIBBETT, INC.,**
**HIBBETT RETAIL, INC.,**
**HIBBETT WHOLESALE, INC.,**
**HIBBETT SPORTING GOODS, INC.,**
**HIBBETT SPORTS, INC.,**
**JASON STRICKER, INDIVIDUALLY and**
**EMPLOYEE of Hibbett Defendants,**
**AMBER JEFFERSON, INDIVIDUALLY and**
**EMPLOYEE of Hibbett Defendants,**
**CITY OF WYNNE, ARKANSAS**
**CITY OF WYNNE, ARKANSAS POLICE DEPARTMENT**
**JACKIE CLARK, INDIVIDUALLY and**
**EMPLOYEE of CITY OF WYNNE Defendants,**
**ANTHONY DALE PARKER, INDIVIDUALLY and**
**EMPLOYEE of CITY OF WYNNE Defendants,**
**DETECTIVE STEVEN HALLMARK, INDIVIDUALLY and**
**EMPLOYEE of CITY OF WYNNE Defendants,**                     **DEFENDANTS**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 0 5 2022
TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

This case assigned to District Judge *Marshall*
and to Magistrate Judge *Harris*

## COMPLAINT

**COMES NOW** Plaintiff, by and through her undersigned attorneys, Paul Byrd Law Firm,

PLLC, and, for her causes of action against Defendants, state and allege the following based on

information and belief.

### PRELIMINARY STATEMENT

This is an action for damages brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and

Arkansas state law based on Defendants' deprivation of rights due Plaintiff pursuant to the Equal

Protection Clause of Arkansas Constitution §§ 2 and 3 (equal rights), the Fourteenth Amendment

to the U.S. Constitution (equal rights), the Arkansas Constitution § 15 (right to be secure in person

1

and no arrest without probable cause), the Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause), and/or the Arkansas Civil Rights Act of 1993, ARK. CODE § 16-123-101, *et seq.,* and Arkansas state law.

## JURISDICTION AND VENUE

1.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that the causes of actions arise under the United States Constitution, laws of the United States, and/or pendant jurisdiction over state law causes of action.

2.     Venue is proper in the United States District Court for the Eastern District of Arkansas because certain acts or omissions complained of herein occurred in or around Faulkner County, Arkansas and/or Cross County, Arkansas, both of which are located in the Eastern District of Arkansas.

## PARTIES

3.     Plaintiff is a resident of Faulkner County, Arkansas.

4.     Defendant Hibbett, Inc. is a Delaware corporation with a registered agent for the transaction of business in Arkansas and principal place of business is Cross County, Arkansas.

5.     All actions and/or inactions of Defendant Hibbett, Inc. were taken under color and/or pretense of law. Alternatively, all actions and/or inactions of Defendant Hibbett, Inc. were taken by Defendant Hibbett, Inc. as an individual, nongovernmental, entity and not under color and/or pretense of law.

6.     Defendant Hibbett Retail, Inc. is a Delaware corporation with a registered agent for the transaction of business in Arkansas and principal place of business is Cross County, Arkansas.

2

7.     All actions and/or inactions of Defendant Hibbett Retail, Inc. were taken under color and/or pretense of law. Alternatively, all actions and/or inactions of Defendant Hibbett Retail, Inc. were taken by Defendant Hibbett Retail, Inc. as an individual, nongovernmental, entity and not under color and/or pretense of law.

8.     Defendant Hibbett Wholesale, Inc. is an Alabama corporation with a registered agent for the transaction of business in Arkansas and principal place of business is Cross County, Arkansas.

9.     All actions and/or inactions of Defendant Hibbett Wholesale, Inc. were taken under color and/or pretense of law. Alternatively, all actions and/or inactions of Defendant Hibbett Wholesale, Inc. were taken by Defendant Hibbett Wholesale, Inc. as an individual, nongovernmental, entity and not under color and/or pretense of law.

10.    Defendant Hibbett Sporting Goods, Inc. is an Alabama corporation with a registered agent for the transaction of business in Arkansas and principal place of business is Cross County, Arkansas.

11.    All actions and/or inactions of Defendant Hibbett Sporting Goods, Inc. were taken under color and/or pretense of law. Alternatively, all actions and/or inactions of Defendant Hibbett Wholesale, Inc. were taken by Defendant Hibbett Wholesale, Inc. as an individual, nongovernmental, entity and not under color and/or pretense of law.

12.    Defendant Hibbett Sports, Inc. is an Alabama corporation with a registered agent for the transaction of business in Arkansas and principal place of business is Cross County, Arkansas.

13.    All actions and/or inactions of Defendant Hibbett Sports Inc. were taken under color and/or pretense of law. Alternatively, all actions and/or inactions of Defendant Hibbett

3

Wholesale, Inc. were taken by Defendant Hibbett Wholesale, Inc. as an individual, nongovernmental, entity and not under color and/or pretense of law.

14.     Defendant Jason Stricker is an individual residing at 3884 Highway 294, Wynne, Arkansas.

15.     At all relevant times, Defendant Jason Stricker was employed by Defendant Hibbett Inc., and/or Hibbett Retail, Inc. and/or Hibbett Wholesale, Inc., and/or Hibbett Sporting Goods, and/or Hibbett Sporting Goods, Inc., at said Defendant(s) store in or around Wynne, Arkansas.

16.     Defendant Jason Stricker is named in his individual capacity and as an employee of Defendant Hibbett Inc., and/or Hibbett Retail, Inc. and/or Defendant Hibbett Wholesale, Inc., and/or Hibbett Sporting Goods, and/or Hibbett Sporting Goods, Inc., Defendant Jason Stricker is individually liable for the violations and relief claimed herein.

17.     All actions and/or inactions of Defendant Jason Stricker were taken in the course and scope of his employment for Defendant Hibbett Retail, Inc. and/or Hibbett Wholesale, Inc. All actions and/or inactions of Defendant Jason Stricker were taken under color and/or pretense of law. Alternatively, all actions and/or inactions of Defendant Jason Stricker were taken individually and not in the course and scope of his employment or under color and/or pretense of law.

18.     Defendant Amber Jefferson is an individual residing at 315 Ce Brawner Road, Wynne, Arkansas.

19.     At all relevant times, Defendant Amber Jefferson was employed by Defendant Hibbett Inc., and/or Hibbett Retail, Inc. and/or Hibbett Wholesale, Inc., and/or Hibbett Sporting Goods, and/or Hibbett Sporting Goods, Inc., at said Defendant(s) store in or around Wynne, Arkansas.

4

20.     Defendant Amber Jefferson is named in her individual capacity and as an employee of Defendant Hibbett Inc., and/or Hibbett Retail, Inc. and/or Hibbett Wholesale, Inc., and/or Hibbett Sporting Goods, and/or Hibbett Sporting Goods, Inc., at said Defendant(s) store in or around Wynne, Arkansas. Defendant Amber Jefferson is individually liable for the violations and relief claimed herein.

21.     All actions and/or inactions of Defendant Amber Jefferson were taken in the course and scope of her employment for Defendant Hibbett Inc., and/or Hibbett Retail, Inc. and/or Hibbett Wholesale, Inc., and/or Hibbett Sporting Goods, and/or Hibbett Sporting Goods, Inc. All actions and/or inactions of Defendant Amber Jefferson were taken under color and/or pretense of law. Alternatively, all actions and/or inactions of Defendant Amber Jefferson were taken individually and not in the course and scope of her employment or under color and/or pretense of law.

22.     Defendant City of Wynne, Arkansas is a municipality located in Cross County, Arkansas.

23.     At all times relevant to this Complaint, Defendant City of Wynne, Arkansas has been actively engaged in the management, supervision, and/or control of the operations, activities, affairs, finances, property, personnel, and/or employment conditions of Defendant City of Wynne, Arkansas Police Department; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark.

24.     Defendant City of Wynne, Arkansas Police Department is a municipal entity located in Cross County, Arkansas.

25.     At all times relevant to this Complaint, Defendant City of Wynne, Arkansas Police Department has been actively engaged in the management, supervision, and/or control of the operations, activities, affairs, finances, property, personnel, and/or employment conditions of

5

Defendant City of Wynne, Arkansas Police Department including, but not limited to Defendant Jackie Clark, Defendant Anthony Hale Parker, and/or Defendant Steven Hallmark.

26.     Defendant Jackie Clark is an individual residing at 11 County Road 744, Wynne, Arkansas.

27.     At all relevant times, Defendant Jackie Clark, was employed by Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department as Chief of Police.

28.     At all times relevant to this Complaint, Defendant Jackie Clark has been actively engaged in the management, supervision, and/or control of the operations, activities, affairs, finances, property, personnel, and/or employment conditions of Defendant City of Wynne, Arkansas; and/or Defendant City of Wynne, Arkansas Police Department including, but not limited to Defendant Anthony Hale Parker and/or Defendant Steven Hallmark.

29.     Defendant Jackie Clark is named in her individual capacity and in her official capacity as an employee of Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department. Defendant Jackie Clark is individually liable for the violations and relief claimed herein.

30.     Defendant Anthony Hale Parker is an individual residing at 5820 Newcastle Drive, Jonesboro, Arkansas.

31.     **At all relevant times,** Defendant Anthony Hale Parker, was employed by Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department.

32.     At all times relevant to this Complaint, Defendant Anthony Hale Parker has been actively engaged in the management, supervision, and/or control of the operations, activities, affairs, finances, property, personnel, and/or employment conditions of Defendant City of Wynne,

6

Arkansas; and/or Defendant City of Wynne, Arkansas Police Department including, but not limited to Defendant Jackie Clark and/or Defendant Steven Hallmark.

33.     Defendant Anthony Hale Parker is named in his individual capacity and in his official capacity as an employee of Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department. Defendant Anthony Hale Parker is individually liable for the violations and relief claimed herein.

34.     Defendant Steven Hallmark is an individual residing in or around Wynne, Arkansas.

35.     At all relevant times, Defendant Steven Hallmark, was employed by Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department.

36.     At all times relevant to this Complaint, Defendant Steven Hallmark has been actively engaged in the management, supervision, and/or control of the operations, activities, affairs, finances, property, personnel, and/or employment conditions of Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department; including, but not limited to Defendant Jackie Clark and/or Defendant Anthony Hale Parker.

37.     Defendant Steven Hallmark is named in his individual capacity and in his official capacity as an employee of Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department. Defendant Steven Hallmark is individually liable for the violations and relief claimed herein.

## FACTS COMMON TO ALL COUNTS

38.     On or about January 06, 2019, Defendant Hibbett Retail Inc., Defendant Hibbett Wholesale, Inc., and/or Defendant Jason Stricker, contacted Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department with an unknown complaint.

7

39.     Defendant Anthony Hale Parker responded to the complaint and arrived at

Defendant Hibbett Retail Inc. and/or Defendant Hibbett Wholesale, Inc. in or around Wynne,

Arkansas.

40.     Upon arrival, Defendant Jason Stricker informed Defendant Anthony Hale Parker

that:

a. On or about January 5, 2019, someone had used a bad check to purchase a gift card at Defendant Hibbett Retail Inc. and/or Defendant Hibbett Wholesale, Inc.;

b. Defendant Amber Jefferson, an employee of Defendant Hibbett Retail Inc. and/or Defendant Hibbett Wholesale, Inc. had dealt with the suspect;

c. the suspect was "a light skinned black female with little or no hair, heavy-set build" and "in the company of what appeared to be a teenaged black male;"

d. "another black male entered the store with a small child and was thought to be with [the suspect] as well;"

e. the person who purchased the gift card had set up an online account with Defendant Hibbett Retail Inc. and/or Defendant Hibbett Wholesale, Inc. under the name "Latasha Williams;"

f. the online accounts set up with Defendant Hibbett Retail Inc. and/or Defendant Hibbett Wholesale, Inc. "can be set up under any name;"

g. Defendant Anthony Hale Parker called the Wells Fargo telephone number written on check which was used to purchase the gift card and was told the check was not to be used for purchases and was not negotiable;

h. the check was written for $500 and used for the purchase of a gift card; and/or

i. Defendant Anthony Hale Parker was able to deactivate the purchased gift card and neither Defendant Hibbett Retail Inc. nor Defendant Hibbett Wholesale, Inc. was out any money.

41.     Defendant Amber Jefferson informed Defendant Anthony Hale Parker that:

a.  she obtained identification issued by the state of Texas from the
    suspect;

b.  the photo on the suspect's identification matched the suspect;
    and/or

c.  she wrote the suspect's driver's license number on the check the
    suspect used to purchase the gift card;

42.     On or about January 7, 2019, Defendant Amber Jefferson falsely identified Plaintiff

when shown only two photographs.

43.     On or about January 07, 2019, Defendant Steven Hallmark purportedly investigated

the alleged crime reported to Defendant City of Wynn, Arkansas and/or Defendant City of Wynne

Arkansas Police Department by Defendant Jason Stricker, Defendant Hibbett Retail Inc. and/or

Defendant Hibbett Wholesale Inc.

44.     Defendant Steven Hallmark reported that:

a.  the account on which the check used to purchase the gift card
    was drawn belonged to Latasha Williams;

b.  he "gathered an address of 225 Shiloh Drive in Conway
    Arkansas and a cell-phone number;"

c.  he used an app on his cell phone to confirm that the name
    associated with the cell phone number belonged to "one
    'Tasha;'" and/or

d.  he asked Defendant Amber Jefferson to go to his office to look
    at "a few pictures in an attempt to identify the individual that
    passed the . . . check."

45.     Defendant Amber Jefferson went to the office of Defendant Steven Hallmark at

which time Detective Hallmark showed Defendant only two photographs. The first photograph

was of Maurica Vickerson of Cypress, Texas and belonged to the Texas ID number Defendant

Amber Jefferson had written on the check. The second photograph Defendant Steven Hallmark

showed Defendant Amber Jefferson was of Plaintiff.

9

46.     On or about January 07, 2019, Plaintiff was criminally charged with:

    a.  Forgery in the Second Degree, a Class C felony;

    b.  Non-Financial Identity Fraud, a Class D felony; and/or

    c.  Theft of Property, a Class A misdemeanor.

47.     Plaintiff did not commit the crimes with which she was charged.

48.     After criminal charges were levied against Plaintiff, a warrant was issued for Plaintiff's arrest, on or about January 8, 2021.

49.     In violation of the protocols and procedures of Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department and/or in violation of Plaintiff's constitutional, civil, and/or other legal rights, prior to criminally charging Plaintiff and/or prior to issuing warrants for Plaintiff's arrest, Defendants did not present Defendant Amber Jefferson with an array (or line-up) of photographs from which to identify Plaintiff as the suspect.

50.     In violation of the protocols and procedures of Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department and/or in violation of Plaintiff's constitutional, civil, and/or other legal rights, prior to criminally charging Plaintiff and/or prior to issuing warrants for Plaintiff's arrest, Defendants did not view, review, obtain, and/or consider (or attempt to view, review, obtain, or consider):

    a.  video surveillance footage showing the person who passed the check and/or purchased the gift card;

    b.  Plaintiff's cell phone records which showed Plaintiff was in Conway, Arkansas at the time of the alleged offense and/or in Conway, Arkansas near enough to the time of the offense that it would have been physically impossible for Plaintiff to have been in Wynne, Arkansas at the time of the alleged offense;

    c.  Plaintiff's facebook post(s) which showed Plaintiff was in Conway, Arkansas at the time of the alleged offense and/or in Conway, Arkansas near enough to the time of the offense that it

10

would have been physically impossible for Plaintiff to have been in Wynne, Arkansas at the time of the alleged offense; and/or

d. other exculpatory information;

51.    On or about July 09, 2019, shortly before approximately 8:00 p.m., Plaintiff was driving home in or near Conway, Arkansas when she was stopped by the Conway, Arkansas Police Department for an alleged minor traffic infraction.

52.    During the traffic stop, the officer discovered that, on or about January 08, 2019, a warrant had been issued for Plaintiff's arrest for the following alleged violations (alleged violations which Plaintiff denies) which occurred, if at all, in Wynne, Cross County, Arkansas:

a. Forgery in the Second Degree, a Class C felony;

b. Non-Financial Identity Fraud, a Class D felony; and/or

c. Theft of Property, a Class A misdemeanor.

53.    After learning that Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department had issued a warrant for Plaintiff's arrest, the Conway, Arkansas police officer placed Plaintiff in handcuffs, put her in the back of the patrol car, and transported her to the Conway, Arkansas Police Department. Throughout the traffic stop and her transport to the Conway, Arkansas Police Department, Plaintiff repeatedly informed the officer that she had never been to Wynne, Arkansas and that she did not commit the crimes with which she was charged.

54.    Plaintiff was processed at the Conway, Arkansas Police Department which included, but was not limited to, taking Plaintiff's cell phone and Apple Watch, and removing from Plaintiff's person her earrings, hair tie, vest, and shoes. Plaintiff was then placed in a holding

11

cell. Throughout processing, Plaintiff repeatedly informed the officer that she had never been to Wynne, Arkansas and that she did not commit the crimes with which she was charged.

55.     Plaintiff requested information from the Conway, Arkansas Police Department regarding the charges against her, how they came to be charged, and/or for a copy of the police report but was refused any specific details.

56.     A police officer from the City of Wynne, Arkansas Police Department was dispatched to transport Plaintiff from the Conway, Arkansas Police Department to the City of Wynne, Arkansas Police Department.

57.     Upon the arrival of a police officer from the City of Wynne, Arkansas Police Department, Plaintiff was again placed in handcuffs and put in the back of a patrol car. Plaintiff was then driven, in the middle of the night, approximately 2 hours to the City of Wynne, Arkansas. Throughout this time, Plaintiff repeatedly informed the officer that she had never been to Wynne, Arkansas and that she did not commit the crimes with which she was charged.

58.     When Plaintiff arrived in Wynne, Arkansas, Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department took Plaintiff's fingerprints, took Plaintiff's mugshot, and booked Plaintiff into the Cross County, Arkansas jail. Plaintiff repeatedly informed the officers and/or employees of Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department that, prior to her improper and unlawful arrest, she had never been to Wynne, Arkansas.

59.     After being booked, Plaintiff was chained to a wooden bench for approximately three (3) hours while waiting for a bail bondsperson to arrive. Shortly after approximately 5:00 a.m., Plaintiff was released on $50,000 bond.

12

60.     At the time of her release, Plaintiff again asked Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department for a copy of the police report and/or to be provided with the date the alleged crime(s) occurred. Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department refused to provide Plaintiff with the document(s) or information pertaining to the crime(s) Plaintiff allegedly committed.

61.     On or about March 29, 2021, a trial was held in which Plaintiff was found not guilty of the alleged crimes and/or the criminal charges against Plaintiff were dismissed, and an Order of Nolle Prosequi was entered.

62.     As a direct and proximate result of Defendants' conduct and/or misconduct, Plaintiff has been injured and is entitled to recover damages for the costs associated with posting bail; costs associated with defending against the unsubstantiated charges described herein; for the deprivation of Plaintiff's constitutional and/or civil rights; mental anguish; embarrassment; humiliation; and emotional pain, torment, and suffering.

63.     Defendants' conduct and/or misconduct was outrageous because of their evil motives and/or reckless indifference to the rights and well-being of Plaintiff and subjected Plaintiff to an unreasonable risk of harm. The conduct and/or misconduct of Defendants demonstrate aggravating circumstances which justify an award of punitive damages to deter similar future wrongdoing.

## COUNT I
### *Violation of 42 U.S.C. § 1981*
### *(not under color of law)*

(as to Defendant Jackie Clark; Defendant Anthony Hale Parker; Defendant Steven Hallmark;
Defendant Hibbett Retail, Inc.; Defendant Hibbett Wholesale, Inc.; Defendant Amber Jefferson;
and/or Defendant Jason Stricker)

13

64.     Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint as if full restated herein.

65.     42 U.S.C. § 1981(a) protects Plaintiff and/or other non-Caucasians against the discrimination, deprivation, and/or impairment of the rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens,

66.     42 U.S.C. § 1981(a) provides that Plaintiff and/or other non-Caucasians shall be subjected to like punishment, pains, penalties, and exactions of every kind as Caucasians.

67.     The rights and protections set forth in 42 U.S.C. § 1981(a) are protected against discrimination and/or impairment by nongovernmental entities.

68.     In addition or in the alternative, to Count I, the actions and/or inactions of Defendant Jackie Clark, Defendant Anthony Hale Parker, and/or Defendant Steven Hallmark were taken individually and not in the course and scope of employment or under color and/or pretense of law.

69.     In addition or in the alternative, to Count I, the actions and/or inactions of Defendant Hibbett Retail Inc.; Defendant Hibbett Wholesale, Inc.; Defendant Jason Stricker; and/or Defendant Amber Jefferson were not acting as governmental entities and/or not in the course and scope of employment or under color and/or pretense of law.

70.     If Defendant Jackie Clark; Defendant Anthony Hale Parker; Defendant Steven Hallmark; Defendant Hibbett Retail, Inc.; Defendant Hibbett Wholesale, Inc.; Defendant Amber Jefferson; and/or Defendant Jason Stricker were not acting under color of law and/or not as a governmental entity, they are liable for their discrimination and/or impairment of the rights of Plaintiff and/or other non-Caucasians pursuant to 42 U.S.C. § 1981.

14

71.     Plaintiff is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. §

1988.

WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages

attorney's fees, costs, and expenses as prevailing parties pursuant to 42 U.S.C. §1988 and other

similar statutory provisions both state and federal; and for any such other relief the Court deems

just and proper.


## COUNT II
### *(42 U.S.C. § 1981 – respondeat superior)*
(as to Defendant Hibbett Retail Inc.; Defendant Hibbett Wholesale, Inc; Defendant City of
Wynne, Arkansas; Defendant City of Wynne Arkansas Police Department)

72.     Plaintiff incorporates by reference each of the foregoing paragraphs of this
Complaint as if full restated herein.

73.     The conduct of Defendant Hibbett Retail Inc.; Defendant Hibbett Wholesale, Inc;

Defendant City of Wynne, Arkansas; Defendant City of Wynne Arkansas Police Department

violated 42 U.S.C. § 1981.

74.     The conduct and/or misconduct of Defendant Jackie Clark, Defendant Anthony

Hale Parker, and/or Defendant Steven Hallmark arose from the performance of their duties as

officers and as part of their employment for Defendant City of Wynne, Arkansas and/or Defendant

City of Wynne, Arkansas Police Department.

75.     To the extent Defendant Jackie Clark, Defendant Anthony Hale Parker, and/or

Defendant Steven Hallmark were acting in the course and scope of employment and/or color and/or

pretense of law, Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas

Police Department are vicariously liable for the tortious acts and/or omissions Defendant Jackie

15

Clark, Defendant Anthony Hale Parker, and/or Defendant Steven Hallmark through the doctrine of *Respondeat Superior*.

76. Defendant Jackie Clark, Defendant Anthony Hale Parker, and/or Defendant Steven Hallmark's denial of the constitutional and/or civil rights of Plaintiff and/or other non-Caucasians was as a result of a policy, regulation, custom, and/or decision officially adopted and/or promulgated by Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department.

77. To the extent Defendant Amber Jefferson and/or Defendant Jason Stricker were acting in the course and scope of employment and/or color and/or pretense of law, Defendant Hibbett Retail Inc. and/or Defendant Hibbett Wholesale, Inc. are vicariously liable for tortious acts and/or omissions of Defendant Amber Jefferson and/or Defendant Jason Stricker through the doctrine of *Respondeat Superior*.

78. Defendant Amber Jefferson and/or Defendant Jason Stricker's denial of the constitutional and/or civil rights of Plaintiff and/or other non-Caucasians was as a result of a policy, regulation, custom, and/or decision officially adopted and/or promulgated by Defendant Hibbett Retail Inc. and/or Defendant Hibbett Wholesale, Inc.

79. Plaintiff is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages attorney's fees, costs, and expenses as prevailing parties pursuant to 42 U.S.C. §1988 and other similar statutory provisions both state and federal; and for any such other relief the Court deems just and proper.

## COUNT III

16

*Violation of 42 U.S.C. § 1981*
*(color and/or pretense of law)*
(as to all Defendants)

80.     Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint as if full restated herein.

81.     The discrimination, deprivation, and/or impairment as set forth in this Count I was done by Defendants under color and/or pretense of law. *See* 42 U.S.C. § 1981(c).

82. All actions and/or inactions of Defendant Jackie Clark were taken in the course and scope of her employment for Defendant City of Wynne, Arkansas and/or Defendant City of Wynne Police Department. All actions and/or inactions of Defendant Jackie Clark were taken under color and/or pretense of law.

83. All actions and/or inactions of Defendant Anthony Hale Parker were taken in the course and scope of his employment for Defendant City of Wynne, Arkansas and/or Defendant City of Wynne Police Department. All actions and/or inactions of Defendant Anthony Hale Parker were taken under color and/or pretense of law.

84. All actions and/or inactions of Defendant Steven Hallmark were taken in the course and scope of his employment for Defendant City of Wynne, Arkansas and/or Defendant City of Wynne Police Department. All actions and/or inactions of Defendant Steven Hallmark were taken under color and/or pretense of law.

85. Defendant Hibbett Retail, Inc.; Defendant Hibbett Wholesale, Inc.; Defendant Amber Jefferson; and/or Defendant Jason Stricker, acted under color and/or pretense of law in that they:

> a. were willful participants in joint actions with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas and/or its employees, officers, or agents; Defendant City of Wynne, Arkansas Police Department and/or its

17

employees, officers, or agents; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to deprive Plaintiff and/or other non-Caucasians of constitutional and/or civil rights;

b. had a meeting of minds and/or a mutual understanding with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to make accusations, file criminal charges, issue arrest warrants, and/or pursue prosecution against Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation;

c. had a customary plan with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to accuse, charge, arrest, detain, and/or prosecute Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation;

d. had a continuing history of cooperation with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to accuse, charge, arrest, detain, and/or prosecute Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation; and/or

e. had a practice, policy, and/or custom of working with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to accuse, charge, arrest, detain, and/or prosecute Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation.

86. Defendants were knowingly and pervasively entangled in the deprivation of Plaintiff's constitutional rights and/or civil rights thereby denying Plaintiff and/or other non-Caucasians the full and equal benefits of all laws in violation of 42 U.S.C. § 1981.

18

87. No employee of Defendant Hibbett Retail, Inc. or Defendant Hibbett Wholesale, Inc.
including, but not limited to, Defendant Amber Jefferson and/or Defendant Jason Stricker,
executed an affidavit regarding Plaintiff and/or Plaintiff's alleged crimes.

88. Defendants relied on an incomplete version of the facts to justify accusing, charging,
arresting, detaining, and/or prosecuting Plaintiff by, among other things, failing and/or
refusing to view, review, obtain, and/or consider (or attempt to view, review, obtain, or
consider):

     f.  video surveillance footage showing the person who passed the
check and/or purchased the gift card;

     g.  Plaintiff's cell phone records which showed Plaintiff was in
Conway, Arkansas at the time of the alleged offense and/or in
Conway, Arkansas near enough to the time of the offense that it
would have been physically impossible for Plaintiff to have been
in Wynne, Arkansas at the time of the alleged offense;

     h.  Plaintiff's facebook post(s) which showed Plaintiff was in
Conway, Arkansas at the time of the alleged offense and/or in
Conway, Arkansas near enough to the time of the offense that it
would have been physically impossible for Plaintiff to have been
in Wynne, Arkansas at the time of the alleged offense; and/or

     i.  other exculpatory information.

89. In violation of 42 U.S.C. § 1981(a), Defendants deprived Plaintiff and/or other non-
Caucasians of the full and equal benefits of all laws and proceedings for the security of
persons and property as are enjoyed by Caucasian citizens and/or subjected Plaintiff to
punishment, pains, penalties, and/or exactions different from those to which Caucasian
citizens are subjected by, among other things:

     j.  discriminating against Plaintiff and/or depriving Plaintiff of the
fundamental rights set forth in the Arkansas Constitution,
Article II, §§ 2 and 3 (equal rights);

     k.  discriminating against Plaintiff and/or depriving Plaintiff of the fundamental rights set forth in the Fourteenth Amendment to the U.S. Constitution (equal rights);

     l.  discriminating against Plaintiff and/or depriving Plaintiff of the fundamental rights set forth in the Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause);

     m. discriminating against Plaintiff and/or depriving Plaintiff of the fundamental rights set forth in the Arkansas Constitution, Article II, § 15 (right to be secure in her person and to be free from arrest in the absence of probable cause);

     n.  discriminating against Plaintiff and/or depriving Plaintiff of the fundamental rights as set forth in the Arkansas Civil Rights Act of 1993, ARK. CODE § 6-123-101, *et seq.*; and/or

     o.  treating Plaintiff, African-Americans, and/or other minorities differently than similarly situated non-African Americans and/or non-minorities where the different treatment bears no rational relationship to any legitimate interest.

90. Defendants conduct was unreasonable under the circumstances.

91. Defendants' actions and/or inactions resulted in the unauthorized and unreasonable:

     p.  filing of criminal charges against Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

     q.  issuance of warrants for Plaintiff's arrest for crimes Plaintiff did not commit and/or could not have committed; and/or

     r.  prosecuting Plaintiff for criminal charges she did not commit and/or could not have committed.

92. Plaintiff's injuries and damages were sustained as a direct and proximate result of the individual and/or joint and several conduct and/or misconduct of all, or any combination of, Defendants

93. The conduct and/or misconduct of Defendants Parker and Defendant Steven Hallmark arose from the performance of their official duties as officers for Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department.

94. The conduct and/or misconduct of Defendant Amber Jefferson and Defendant Jason Stricker  arose from the performance of their duties as employees of Defendant Hibbett Retain Inc. and/or Defendant Hibbett Wholesale, Inc.

95. Plaintiff is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages attorney's fees, costs, and expenses as prevailing parties pursuant to 42 U.S.C. §1988 and other similar statutory provisions both state and federal; and for any such other relief the Court deems just and proper.

## COUNT IV
### *Violation of 42 U.S.C. § 1983*
(as to all Defendants)

96. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint as if full restated herein.

97. Each Defendant herein acted under the color and/or pretense of law and is now, and has been at all times material herein, a "person" within the meaning of 42 U.S.C. § 1983.

98. The discrimination, deprivation, and/or impairment as set forth in this Count IV was done by Defendant Hibbett Retail, Inc; Defendant Hibbett Wholesale, Inc.; Defendant Jason Stricker; and/or Defendant Amber Jefferson under color and/or pretense of law in that they:

    s. were willful participants in joint actions with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas and/or its employees, officers, or agents; Defendant City of Wynne, Arkansas Police Department and/or its employees, officers, or agents; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven

21

Hallmark to deprive Plaintiff and/or other non-Caucasians of constitutional and/or civil rights;

t.   had a meeting of minds and/or a mutual understanding with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to make accusations, file criminal charges, issue arrest warrants, and/or pursue prosecution against Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation;

u.   had a customary plan with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to accuse, charge, arrest, detain, and/or prosecute Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation;

v.   had a continuing history of cooperation with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to accuse, charge, arrest, detain, and/or prosecute Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation; and/or

w.   had a practice, policy, and/or custom of working with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to accuse, charge, arrest, detain, and/or prosecute Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation.

99. Defendant Hibbett Retail, Inc; Defendant Hibbett Wholesale, Inc.; Defendant Jason

Stricker; and/or Defendant Amber Jefferson were knowingly and pervasively entangled

with Defendant City of Wynne, Arkansas Police Department and/or its employees, officers,

or agents; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant

Steven Hallmark in the deprivation of Plaintiff's constitutional rights and/or civil rights

thereby denying Plaintiff and/or other non-Caucasians the full and equal benefits of all

laws in violation of 42 U.S.C. § 1983.

100.    Defendants are responsible for:

      x.  establishing, maintaining, enforcing, and/or providing proper and/or adequate training for making accusations, responding to complaints, investigating alleged crimes, pursuing charges, and/or prosecuting alleged crimes including, but not limited to, in a non-discriminatory manner; and/or

      y.  establishing, maintaining, and/or enforcing proper and/or adequate policies, procedures, patterns, practices, and/or customs for making accusations, responding to complaints, investigating alleged crimes, pursuing charges, and/or prosecuting alleged crimes including, but not limited to, in a non-discriminatory manner; and/or

      z.  train employees in implementing and/or executing proper and/or adequate policies, procedures, patterns, statements, regulations, decisions, customs, and/or practices established, maintained, enforced, and/or adopted by Defendants.

101.    The actions and inactions of Defendants resulted from the failure of Defendants to:

      aa. establish, maintain, enforce, and/or provide proper and/or adequate training for making accusations, responding to complaints, investigating alleged crimes, pursuing charges, and/or prosecuting alleged crimes including, but not limited to, in a non-discriminatory manner;

      bb. establish, maintain, and/or enforce proper and/or adequate policies, procedures, patterns, practices, and/or customs for making accusations, responding to complaints, investigating alleged crimes, pursuing charges, and/or prosecuting alleged crimes including, but not limited to, in a non-discriminatory manner; and/or

      cc. train Defendant Jackie Clark, Defendant Anthony Hale Parker, and/or Defendant Steven Hallmark in implementing and/or

executing the proper and/or adequate policies, procedures, patterns, statements, regulations, decisions, customs, and/or practices established, maintained, enforced, and/or adopted by Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department.

102.    The conduct and/or misconduct of Defendants violated 42 U.S.C. § 1983 by among

other things:

dd. targeting Plaintiff based on race;

ee. failing to investigate, or properly investigate, the alleged crimes;

ff. accusing, charging and/or prosecuting Plaintiff without good and/or probable cause;

gg. accusing, charging and/or prosecuting Plaintiff without conducting an independent investigation;

hh. discriminating and/or depriving Plaintiff of fundamental rights guaranteed by the Arkansas Constitution, Art. II, §§ 2 and 3 (equal rights);

ii. discriminating and/or depriving Plaintiff of fundamental rights guaranteed by the Fourteenth Amendment to the U.S. Constitution (equal rights);

jj. discriminating and/or depriving Plaintiff of fundamental rights guaranteed by the Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause);

kk. discriminating and/or depriving Plaintiff of fundamental rights fundamental rights guaranteed by the Arkansas Constitution, Art. II, § 15 (right to be secure in her person and to be free from arrest in the absence of probable cause);

ll. discriminating and/or depriving Plaintiff of fundamental rights as set forth in the Arkansas Civil Rights Act of 1993, ARK. CODE § 6-123-101, *et seq.*;

mm.    treating Plaintiff, other African-Americans, and/or other minorities differently than similarly situated Caucasians where the different treatment bears no rational relationship to any legitimate interest;

24

nn. establishing, maintaining, and/or enforcing policies, procedures, practices, and/or customs of discriminatorily identifying, targeting, accusing, investigating, charging, and/or prosecuting Plaintiff, other African-Americans, and/or other minorities;\

oo. failing to establish, maintain, and/or enforce proper and/or adequate policies and procedures for accusing, investigating, charging, and/or prosecuting citizens;

pp. providing improper and/or insufficient training for identifying, accusing, charging, and/or prosecuting citizens;

qq. accusing Plaintiff of committing crimes Plaintiff did not commit and/or could not have committed;

rr. filing criminal charges against Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

ss. issuing warrants for Plaintiff's arrest for crimes Plaintiff did not commit and/or could not have committed;

tt. arresting Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

uu. prosecuting Plaintiff for criminal charges she did not commit and/or could not have committed; and/or

vv. engaging in a pattern and/or practice of treating African-Americans and/or other minorities differently from Caucasians.

103.    Defendants' conduct and/or misconduct was unreasonable under the circumstances.

104.    Defendants actions and/or inactions were deliberate and done with reckless disregard for the constitutional and/or civil rights of Plaintiff, other African-Americans, and/or other minorities.

105.    Plaintiff's injuries and damages are as a direct and proximate result of Defendants' actions and/or inactions.

106.    Plaintiff is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

25

WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages attorney's fees, costs, and expenses as prevailing parties pursuant to 42 U.S.C. §1988 and other similar statutory provisions both state and federal; and for any such other relief the Court deems just and proper.

## COUNT V
### *(42 U.S.C. § 1983 – respondeat superior)*
(as to Defendant Hibbett Retail Inc.; Defendant Hibbett Wholesale, Inc; Defendant City of Wynne, Arkansas; Defendant City of Wynne Arkansas Police Department)

107.    Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint as if full restated herein.

108.    The conduct of Defendant Hibbett Retail Inc.; Defendant Hibbett Wholesale, Inc; Defendant City of Wynne, Arkansas; Defendant City of Wynne Arkansas Police Department violated 42 U.S.C. § 1983.

109.    The conduct and/or misconduct of Defendant Jackie Clark, Defendant Anthony Hale Parker, and/or Defendant Steven Hallmark arose from the performance of their duties as officers and as part of their employment for Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department.

110.    To the extent Defendant Jackie Clark, Defendant Anthony Hale Parker, and/or Defendant Steven Hallmark were acting in the course and scope of employment and/or color and/or pretense of law, Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department are vicariously liable for the tortious acts and/or omissions Defendant Jackie Clark, Defendant Anthony Hale Parker, and/or Defendant Steven Hallmark through the doctrine of *Respondeat Superior*.

111.    Defendant Jackie Clark, Defendant Anthony Hale Parker, and/or Defendant Steven Hallmark's denial of the constitutional and/or civil rights of Plaintiff and/or other non-Caucasians was as a result of a policy, regulation, custom, and/or decision officially adopted and/or promulgated by Defendant City of Wynne, Arkansas and/or Defendant City of Wynne, Arkansas Police Department.

112.    To the extent Defendant Amber Jefferson and/or Defendant Jason Stricker were acting in the course and scope of employment and/or color and/or pretense of law, Defendant Hibbett Retail Inc. and/or Defendant Hibbett Wholesale, Inc. are vicariously liable for tortious acts and/or omissions of Defendant Amber Jefferson and/or Defendant Jason Stricker through the doctrine of *Respondeat Superior*.

113.    Defendant Amber Jefferson and/or Defendant Jason Stricker's denial of the constitutional and/or civil rights of Plaintiff and/or other non-Caucasians was as a result of a policy, regulation, custom, and/or decision officially adopted and/or promulgated by Defendant Hibbett Retail Inc. and/or Defendant Hibbett Wholesale, Inc.

114.    Plaintiff is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages attorney's fees, costs, and expenses as prevailing parties pursuant to 42 U.S.C. §1988 and other similar statutory provisions both state and federal; and for any such other relief the Court deems just and proper.

**COUNT VI**
*Malicious prosecution*
(as to all Defendants)

27

115. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint as if full restated herein.

116. Defendants instituted and/or continued legal proceedings including, but not limited to, the following criminal charges against Plaintiff:

     ww. Forgery in the Second Degree, a Class C felony;

     xx. Non-Financial Identity Fraud, a Class D felony; and/or

     yy. Theft of Property, a Class A misdemeanor.

117. The legal proceedings and/or criminal charges against Plaintiff were terminated in favor of Plaintiff.

118. Defendants lacked probable cause for instituting legal proceedings against Plaintiff in that Plaintiff did not commit and/or could not have committed the crimes with which she was charged.

119. Defendants lacked probable cause for continuing legal proceedings against Plaintiff after Plaintiff proved she did not commit and/or could not have committed the crimes with which she was charged.

120. Defendants conduct and/or misconduct was done with malice in that Defendants:

    1. targeted Plaintiff based on race;

    2. failed to investigate, or properly investigate, the alleged crime;

    3. accused, charged, and/or prosecuted Plaintiff without good and/or probable cause;

    4. accused, charged, and/or prosecuted Plaintiff without conducting an independent investigation;

    5. accused, charged, and/or prosecuted Plaintiff based on policies, procedures, practices, and/or customs that discriminatorily identify, target, accuse, investigate, charge, and/or prosecute African-Americans and/or other minorities;

6. discriminated and/or deprived Plaintiff of fundamental rights guaranteed by the Arkansas Constitution, Art. II, §§ 2 and 3 (equal rights);

7. discriminated and/or deprived Plaintiff of fundamental rights guaranteed by the Fourteenth Amendment to the U.S. Constitution (equal rights);

8. discriminated and/or deprived Plaintiff of fundamental rights guaranteed by Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause);

9. discriminated and/or deprived Plaintiff of fundamental rights guaranteed by the Arkansas Constitution, Art. II, § 15 (right to be secure in her person and to be free from arrest in the absence of probable cause);

10. discriminated and/or deprived Plaintiff of fundamental rights as set forth in the Arkansas Civil Rights Act of 1993, ARK. CODE § 6-123-101, *et seq.*;

11. treated Plaintiff, other African-Americans, and/or other minorities differently than similarly situated Caucasians where the different treatment bears no rational relationship to any legitimate interest;

12. established, maintained, and/or enforced policies, procedures, patterns, practices, and/or customs of discriminatorily identifying, targeting, accusing, investigating, charging, and/or prosecuting Plaintiff, other African-Americans, and/or other minorities;

13. failed to establish, maintain, and/or enforce proper and/or adequate policies, procedures, practices, and/or customs for accusing, investigating, charging, and/or prosecuting citizens;

14. provided improper and/or insufficient training for identifying, accusing, charging, and/or prosecuting citizens;

15. accused Plaintiff of committing crimes Plaintiff did not commit and/or could not have committed;

16. filed criminal charges against Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

29

17. issued warrants for Plaintiff's arrest for crimes Plaintiff did not commit and/or could not have committed;

18. arrested Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

19. prosecuted Plaintiff for criminal charges she did not commit and/or could not have committed; and/or

20. engaged in a pattern and/or practice of treating African-Americans and/or other minorities differently from Caucasians.

121. Defendants' conduct and/or misconduct caused Plaintiff's injuries and damages.

122. As a direct and proximate result of Defendants' conduct and/or misconduct, Plaintiff has been injured and is entitled to recover damages for the costs associated with posting bail; costs associated with defending against the unsubstantiated charges described herein; for the deprivation of Plaintiff's constitutional and/or civil rights; mental anguish; embarrassment; humiliation; and emotional pain, torment, and suffering.

123. Defendants' conduct and/or misconduct was outrageous because of their evil motives and/or reckless indifference to the rights and well-being of Plaintiff and subjected Plaintiff to an unreasonable risk of harm. The conduct and/or misconduct of Defendants demonstrate aggravating circumstances which justify an award of punitive damages to deter similar future wrongdoing.

WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages attorney's fees, costs, and expenses; and for any such other relief the Court deems just and proper.

### COUNT VII
#### *Intentional Infliction of Emotional Distress/Tort of Outrage*
(as to all Defendants)

124. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint as if full restated herein.

30

125.     Defendants intended to inflict emotional distress or should have known that emotional distress was the likely result of their conduct and/or misconduct.

126.     Defendants' conduct and/or misconduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

127.     Defendants' conduct and/or misconduct caused the plaintiff emotional distress.

128.     Plaintiff's emotional distress was so severe that no reasonable person could be expected to endure it.

129.     As a direct and proximate result of Defendants' conduct and/or misconduct, Plaintiff has been injured and is entitled to recover damages for the costs associated with posting bail; costs associated with defending against the unsubstantiated charges described herein; mental anguish; embarrassment; humiliation; and emotional pain, torment, and suffering.

130.     Defendants' conduct and/or misconduct was outrageous because of their evil motives and/or reckless indifference to the rights and well-being of Plaintiff and subjected Plaintiff to an unreasonable risk of harm. The conduct and/or misconduct of Defendants demonstrate aggravating circumstances which justify an award of punitive damages to deter similar future wrongdoing.

WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages attorney's fees, costs, and expenses; and for any such other relief the Court deems just and proper.

**COUNT VIII**
*False Light*
(as to all Defendants)

31

131.     Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint as if full restated herein.

132.     Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint as if full restated herein.

133.     The accusations, criminal charges, arrest, and/or prosecution of Plaintiff was damaging and highly offensive to Plaintiff.

134.     The accusations, charging, arrest, and/or prosecution of an innocent person like Plaintiff would be highly offensive to a reasonable person;

135.     Defendants had knowledge of or acted in reckless disregard as to the falsity of the accusations, criminal charges, arrest, and/or prosecution of Plaintiff.

136.     Defendants acted with malice in that they entertained and/or should have entertained serious doubts as to the truth of his publication that Plaintiff had committed a crime as evidenced by, among other things:

zz. failing to investigate, or properly investigate, the alleged crimes;

aaa.   accusing, charging and/or prosecuting Plaintiff without good and/or probable cause;

bbb.   accusing, charging and/or prosecuting without conducting an independent investigation;

ccc.   accusing, charging and/or prosecuting Plaintiff based on policies, procedures, practices, and/or customs that discriminatorily identify, target, accuse, investigate, charge, and/or prosecute African-Americans and/or other minorities;

ddd.   discriminating and/or depriving Plaintiff of fundamental rights set forth in the Arkansas Constitution §§ 2 and 3 (equal rights);

eee.   discriminating and/or depriving Plaintiff of fundamental rights set forth in the Fourteenth Amendment to the U.S. Constitution (equal rights);

32

fff. discriminating and/or depriving Plaintiff of fundamental rights set forth in the Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause);

ggg.   discriminating and/or depriving Plaintiff of fundamental rights in the Arkansas Constitution § 15 (right to be secure in her person and to be free from arrest in the absence of probable cause);

hhh.   discriminating and/or depriving Plaintiff of fundamental rights as set forth in the Arkansas Civil Rights Act of 1993, ARK. CODE § 6-123-101, *et seq.*;

iii. treating Plaintiff, other African-Americans, and/or other minorities differently than similarly situated Caucasians where the different treatment bears no rational relationship to any legitimate interest;

jjj. establishing, maintaining, and/or enforcing policies, procedures, practices, and/or customs of discriminatorily identifying, targeting, accusing, investigating, charging, and/or prosecuting Plaintiff, other African-Americans, and/or other minorities;

kkk.   failing to establish, maintain, and/or enforce proper and/or adequate policies and procedures for accusing, investigating, charging, and/or prosecuting citizens;

lll. providing improper and/or insufficient training for identifying, accusing, charging, and/or prosecuting citizens;

mmm. accusing Plaintiff of committing crimes Plaintiff did not commit and/or could not have committed;

nnn.   filing criminal charges against Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

ooo.   issuing warrants for Plaintiff's arrest for crimes Plaintiff did not commit and/or could not have committed;

ppp.   arresting Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

qqq.   prosecuting Plaintiff for criminal charges she did not commit and/or could not have committed;

33

rrr. engaging in a pattern and/or practice of treating African-Americans and/or other minorities differently from Caucasians;

sss. failing to investigate, or properly investigate, the alleged crimes;

ttt. accusing, charging and/or prosecuting Plaintiff without good and/or probable cause;

uuu. accusing, charging and/or prosecuting without conducting an independent investigation;

vvv. discriminating and/or depriving Plaintiff of fundamental rights guaranteed in the Arkansas Constitution, Art. II, §§ 2 and 3 (equal rights);

www. discriminating and/or depriving Plaintiff of fundamental rights guaranteed by the Fourteenth Amendment to the U.S. Constitution (equal rights);

xxx. discriminating and/or depriving Plaintiff of fundamental rights guaranteed by the Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause);

yyy. discriminating and/or depriving Plaintiff of fundamental rights guaranteed in the Arkansas Constitution, , Art. II, § 15 (right to be secure in her person and to be free from arrest in the absence of probable cause);

zzz. discriminating and/or depriving Plaintiff of fundamental rights as set forth in the Arkansas Civil Rights Act of 1993, ARK. CODE § 6-123-101, *et seq.*;

aaaa. treating Plaintiff, other African-Americans, and/or other minorities differently than similarly situated Caucasians where the different treatment bears no rational relationship to any legitimate interest;

bbbb. accusing Plaintiff of committing crimes Plaintiff did not commit and/or could not have committed;

cccc. filing criminal charges against Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

dddd. issuing warrants for Plaintiff's arrest for crimes Plaintiff did not commit and/or could not have committed;

34

eeee.    arresting Plaintiff for crimes Plaintiff did not commit and/or
could not have committed;

ffff.    prosecuting Plaintiff for criminal charges she did not commit
and/or could not have committed; and/or

gggg. having a pattern and/or practice of treating African-
Americans and/or other minorities differently from Caucasians.

137.    As a direct and proximate result of Defendants' conduct and/or misconduct,

Plaintiff has been injured and is entitled to recover damages for the costs associated with

posting bail; costs associated with defending against the unsubstantiated charges described

herein; for the deprivation of Plaintiff's constitutional and/or civil rights; mental anguish;

embarrassment; humiliation; and emotional pain, torment, and suffering.

138.    Defendants' conduct and/or misconduct was outrageous because of their evil

motives and/or reckless indifference to the rights and well-being of Plaintiff and subjected

Plaintiff to an unreasonable risk of harm. The conduct and/or misconduct of Defendants

demonstrate aggravating circumstances which justify an award of punitive damages to

deter similar future wrongdoing.

WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages
attorney's fees, costs, and expenses; and for any such other relief the Court deems just and proper.

### COUNT IX
### *Arkansas Civil Rights Act*
(as to all Defendants—under color of law)

139.    Plaintiff incorporates by reference each of the foregoing paragraphs of this

Complaint as if full restated herein.

35

140.    Pursuant to the Arkansas Human Rights Act, the right to be free from

discrimination because of race is recognized as, and declared to be, a civil right. ARK. CODE

§ 16-123-107(a).

141.    The Arkansas Constitution declares the following to be a "right:"

> All men are created equally free and independent, and have certain
> inherent and inalienable rights; amongst which are those of enjoying
> and defending life and liberty; of acquiring, possessing and
> protecting property, and reputation; and of pursuing their own
> happiness. To secure these rights governments are instituted among
> men, deriving their just powers from the consent of the governed.

> Arkansas Constitution Art. II, § 2.

142.    The Arkansas Constitution declares the following to be a "right:"

> The equality of all persons before the law is recognized, and shall
> ever remain inviolate; nor shall any citizen ever be deprived of any
> right, privilege or immunity; nor exempted from any burden or duty,
> on account of race, color or previous condition.

> Arkansas Constitution Art. II § 3.

143.    The Arkansas Constitution declares the following to be a "right:"

> No person shall . . . be deprived of life, liberty or property, without
> due process of law.

> Arkansas Constitution Art. II § 8.

144.    The Arkansas Constitution declares the following to be a "right:"

> [N]o warrant shall issue, except upon probable cause, supported by
> oath or affirmation, and particularly describing the place to be
> searched, and the person or thing to be seized.

> Arkansas Constitution Art. II § 15.

145.    The rights provided by the Arkansas Constitution including, but not limited to, Art.

II, § 2; Art. II, § 3; Art. II, § 8; and/or Art. II, §15 are civil rights guaranteed to Plaintiff by

the Arkansas Constitution and/or the Arkansas Human Rights Act.

146.    ARK. CODE § 16-123-105(a) provides that "[e]very person who, under color of any

statute, ordinance, regulation, custom, or usage of this state or any of its political

subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof

to the deprivation of any rights, privileges, or immunities secured by the Arkansas

Constitution shall be liable to the party injured in an action in circuit court for legal and

equitable relief or other proper redress."

147.    At all relevant times, Defendant Hibbett Retail, Inc.; Defendant Hibbett Wholesale,

Inc.; Defendant Jason Stricker; and/or Defendant Amber Jefferson acted under color of

statute, ordinance, regulation, custom, or usage in that they:

> hhhh.  were willful participants in joint actions with governmental
> entities including, but not limited to, Defendant City of Wynne,
> Arkansas and/or its employees, officers, or agents; Defendant
> City of Wynne, Arkansas Police Department and/or its
> employees, officers, or agents; Defendant Jackie Clark;
> Defendant Anthony Hale Parker; and/or Defendant Steven
> Hallmark to deprive Plaintiff and/or other non-Caucasians of
> constitutional and/or civil rights;

> iiii. had a meeting of minds and/or a mutual understanding with
> governmental entities including, but not limited to, Defendant
> City of Wynne, Arkansas; Defendant City of Wynne, Arkansas
> **Police Department;** Defendant Jackie Clark; **Defendant** Anthony
> Hale Parker; and/or Defendant Steven Hallmark to make
> accusations, file criminal charges, issue arrest warrants, and/or
> pursue prosecution against Plaintiff and/or other non-
> Caucasians without good and/or probable cause and/or without
> conducting an independent investigation;

> jjjj. had a customary plan with governmental entities including, but
> not limited to, Defendant City of Wynne, Arkansas; Defendant
> City of Wynne, Arkansas Police Department; Defendant Jackie

37

Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to accuse, charge, arrest, detain, and/or prosecute Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation;

kkkk.  had a continuing history of cooperation with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to accuse, charge, arrest, detain, and/or prosecute Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation; and/or

llll. had a practice, policy, and/or custom of working with governmental entities including, but not limited to, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark to accuse, charge, arrest, detain, and/or prosecute Plaintiff and/or other non-Caucasians without good and/or probable cause and/or without conducting an independent investigation.

148.    At all relevant times, Defendants violated the Arkansas Human Rights Act, ARK.

CODE § 16-123-105(a) in that, as a result of the statute, ordinance, regulation, custom,

and/or usage of Defendant City of Wynne, Arkansas and/or Defendant City of Wynne,

Arkansas Police Department, Defendants subjected Plaintiff to the deprivation of rights,

privileges, and/or immunities secured by the Arkansas Constitution including, but not

limited to, Art. II, § 2; Art. II, § 3; Art. II, § 8; and/or Art. II, §15 by, among other things:

mmmm.        failing to investigate, or properly investigate, the alleged crimes;

nnnn.  accusing, charging and/or prosecuting Plaintiff without good and/or probable cause;

oooo.  accusing, charging and/or prosecuting without conducting an independent investigation;

pppp. accusing, charging and/or prosecuting Plaintiff based on policies, procedures, practices, and/or customs that discriminatorily identify, target, accuse, investigate, charge, and/or prosecute African-Americans and/or other minorities;

qqqq. discriminating and/or depriving Plaintiff of fundamental rights set forth in the Arkansas Constitution §§ 2 and 3 (equal rights);

rrrr. discriminating and/or depriving Plaintiff of fundamental rights set forth in the Fourteenth Amendment to the U.S. Constitution (equal rights);

ssss. discriminating and/or depriving Plaintiff of fundamental rights set forth in the Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause);

tttt. discriminating and/or depriving Plaintiff of fundamental rights in the Arkansas Constitution § 15 (right to be secure in her person and to be free from arrest in the absence of probable cause);

uuuu. discriminating and/or depriving Plaintiff of fundamental rights as set forth in the Arkansas Civil Rights Act of 1993, ARK. CODE § 6-123-101, *et seq.*;

vvvv. treating Plaintiff, other African-Americans, and/or other minorities differently than similarly situated Caucasians where the different treatment bears no rational relationship to any legitimate interest;

wwww. establishing, maintaining, and/or enforcing policies, procedures, practices, and/or customs of discriminatorily identifying, targeting, accusing, investigating, charging, and/or prosecuting Plaintiff, other African-Americans, and/or other minorities;

xxxx. failing to establish, maintain, and/or enforce proper and/or adequate policies and procedures for accusing, investigating, charging, and/or prosecuting citizens;

yyyy. providing improper and/or insufficient training for identifying, accusing, charging, and/or prosecuting citizens;

zzzz.   accusing Plaintiff of committing crimes Plaintiff did not commit and/or could not have committed;

aaaaa.  filing criminal charges against Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

bbbbb.  issuing warrants for Plaintiff's arrest for crimes Plaintiff did not commit and/or could not have committed;

ccccc.  arresting Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

ddddd.  prosecuting Plaintiff for criminal charges she did not commit and/or could not have committed;

eeeee.  engaging in a pattern and/or practice of treating African-Americans and/or other minorities differently from Caucasians;

fffff.   failing to investigate, or properly investigate, the alleged crimes;

ggggg.  accusing, charging and/or prosecuting Plaintiff without good and/or probable cause;

hhhhh.  accusing, charging and/or prosecuting without conducting an independent investigation;

iiiii.    discriminating and/or depriving Plaintiff of fundamental rights guaranteed in the Arkansas Constitution, Art. II, §§ 2 and 3 (equal rights);

jjjjj.    discriminating and/or depriving Plaintiff of fundamental rights guaranteed by the Fourteenth Amendment to the U.S. Constitution (equal rights);

kkkkk.  discriminating and/or depriving Plaintiff of fundamental rights guaranteed by the Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause);

lllll.    discriminating and/or depriving Plaintiff of fundamental rights guaranteed in the Arkansas Constitution, , Art. II, § 15 (right to be secure in her person and to be free from arrest in the absence of probable cause);

mmmmm.    discriminating and/or depriving Plaintiff of fundamental rights as set forth in the Arkansas Civil Rights Act of 1993, ARK. CODE § 6-123-101, *et seq.*;

nnnnn. treating Plaintiff, other African-Americans, and/or other minorities differently than similarly situated Caucasians where the different treatment bears no rational relationship to any legitimate interest;

ooooo. accusing Plaintiff of committing crimes Plaintiff did not commit and/or could not have committed;

ppppp. filing criminal charges against Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

qqqqq. issuing warrants for Plaintiff's arrest for crimes Plaintiff did not commit and/or could not have committed;

rrrrr.    arresting Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

sssss.    prosecuting Plaintiff for criminal charges she did not commit and/or could not have committed; and/or

ttttt.    having a pattern and/or practice of treating African-Americans and/or other minorities differently from Caucasians.

149.    Plaintiff is entitled to recover the costs of litigation and reasonable attorneys' fees pursuant to ARK. CODE § 16-123-105(b).

150.    As a direct and proximate result of Defendants' conduct and/or misconduct, Plaintiff has been injured and is entitled to recover damages for the costs associated with posting bail; costs associated with defending against the unsubstantiated charges described herein; for the deprivation of Plaintiff's constitutional and/or civil rights; mental anguish; embarrassment; humiliation; and emotional pain, torment, and suffering.

151.    Defendants' conduct and/or misconduct was outrageous because of their evil motives and/or reckless indifference to the rights and well-being of Plaintiff and subjected

Plaintiff to an unreasonable risk of harm. The conduct and/or misconduct of Defendants demonstrate aggravating circumstances which justify an award of punitive damages to deter similar future wrongdoing.

WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages attorney's fees, costs, and expenses as prevailing parties pursuant to ARK. CODE § 16-123-105(b) and other similar statutory provisions both state and federal; and for any such other relief the Court deems just and proper.

## COUNT X
### *Arkansas Civil Rights Act*
(as to all Defendants—not under color of law)

152.    Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint as if full restated herein.

153.    The rights provided by the Arkansas Constitution including, but not limited to, Art. II, § 2; Art. II, § 3; Art. II, § 8; and/or Art. II, §15 are civil rights guaranteed to Plaintiff by the Arkansas Constitution and/or the Arkansas Human Rights Act.

154.    Pursuant to the Arkansas Human Rights Act, ARK. CODE § 16-123-107(a), Plaintiff has a right to be free from discrimination by Defendants because of Plaintiff's race.

155.    Plaintiff's right to be free from discrimination includes the right to be free from discrimination by any place, store, or other establishment, either licensed or unlicensed, that supplies accommodations, goods, or services to the general public, or that solicits or accepts the patronage or trade of the general public, or that is supported directly or indirectly by government funds." ARK. CODE § 16-123-102(7).

156.    At all relevant times, Defendant Hibbett Retail, Inc.; Defendant Hibbett Wholesale, Inc.; Defendant Jason Stricker; and/or Defendant Amber Jefferson owned and/or operated

a place, store, or other establishment that supplied accommodations, goods, or services to the general public and/or that solicits or accepts the patronage or trade of the general public within the meaning of ARK. CODE § 16-123-102(7).

157.    At all relevant times, Defendant City of Wynne, Arkansas; Defendant City of Wynne, Arkansas Police Department; Defendant Jackie Clark; Defendant Anthony Hale Parker; and/or Defendant Steven Hallmark was supported directly or indirectly by government funds within the meaning of ARK. CODE § 16-123-102(7).

158.    At all relevant times, Defendants discriminated against Plaintiff on the basis of race by, among other things:

      a.  failing to investigate, or properly investigate, the alleged crimes;

      b.  accusing, charging and/or prosecuting Plaintiff without good and/or probable cause;

      c.  accusing, charging and/or prosecuting without conducting an independent investigation;

      d.  accusing, charging and/or prosecuting Plaintiff based on policies, procedures, practices, and/or customs that discriminatorily identify, target, accuse, investigate, charge, and/or prosecute African-Americans and/or other minorities;

      e.  discriminating and/or depriving Plaintiff of fundamental rights set forth in the Arkansas Constitution §§ 2 and 3 (equal rights);

      f.  discriminating and/or depriving Plaintiff of fundamental rights set forth in the Fourteenth Amendment to the U.S. Constitution (equal rights);

      g.  discriminating and/or depriving Plaintiff of fundamental rights set forth in the Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause);

      h.  discriminating and/or depriving Plaintiff of fundamental rights in the Arkansas Constitution § 15 (right to be secure in her person and to be free from arrest in the absence of probable cause);

i.   discriminating and/or depriving Plaintiff of fundamental rights as set forth in the Arkansas Civil Rights Act of 1993, ARK. CODE § 6-123-101, *et seq.*;

j.   treating Plaintiff, other African-Americans, and/or other minorities differently than similarly situated Caucasians where the different treatment bears no rational relationship to any legitimate interest;

k.  establishing, maintaining, and/or enforcing policies, procedures, practices, and/or customs of discriminatorily identifying, targeting, accusing, investigating, charging, and/or prosecuting Plaintiff, other African-Americans, and/or other minorities;

l.   failing to establish, maintain, and/or enforce proper and/or adequate policies and procedures for accusing, investigating, charging, and/or prosecuting citizens;

m. providing improper and/or insufficient training for identifying, accusing, charging, and/or prosecuting citizens;

n.  accusing Plaintiff of committing crimes Plaintiff did not commit and/or could not have committed;

o.  filing criminal charges against Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

p.  issuing warrants for Plaintiff's arrest for crimes Plaintiff did not commit and/or could not have committed;

q.  arresting Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

r.   prosecuting Plaintiff for criminal charges she did not commit and/or could not have committed;

s.   engaging in a pattern and/or practice of treating African-Americans and/or other minorities differently from Caucasians;

t.   failing to investigate, or properly investigate, the alleged crimes;

u.  accusing, charging and/or prosecuting Plaintiff without good and/or probable cause;

44

v. accusing, charging and/or prosecuting without conducting an independent investigation;

w. discriminating and/or depriving Plaintiff of fundamental rights guaranteed in the Arkansas Constitution, Art. II, §§ 2 and 3 (equal rights);

x. discriminating and/or depriving Plaintiff of fundamental rights guaranteed by the Fourteenth Amendment to the U.S. Constitution (equal rights);

y. discriminating and/or depriving Plaintiff of fundamental rights guaranteed by the Fourth Amendment to the U.S. Constitution (right to be secure in person and no arrest without probable cause);

z. discriminating and/or depriving Plaintiff of fundamental rights guaranteed in the Arkansas Constitution, , Art. II, § 15 (right to be secure in her person and to be free from arrest in the absence of probable cause);

aa. discriminating and/or depriving Plaintiff of fundamental rights as set forth in the Arkansas Civil Rights Act of 1993, ARK. CODE § 6-123-101, *et seq.*;

bb. treating Plaintiff, other African-Americans, and/or other minorities differently than similarly situated Caucasians where the different treatment bears no rational relationship to any legitimate interest;

cc. accusing Plaintiff of committing crimes Plaintiff did not commit and/or could not have committed;

dd. filing criminal charges against Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

ee. issuing warrants for Plaintiff's arrest for crimes Plaintiff did not commit and/or could not have committed;

ff. arresting Plaintiff for crimes Plaintiff did not commit and/or could not have committed;

gg. prosecuting Plaintiff for criminal charges she did not commit and/or could not have committed; and/or

45

hh. having a pattern and/or practice of treating African-Americans
and/or other minorities differently from Caucasians.

159.    Plaintiff is entitled to recover the costs of litigation and reasonable attorneys' fees

pursuant to ARK. CODE § 16-123-101, *et seq.*

160.    As a direct and proximate result of Defendants' conduct and/or misconduct,

Plaintiff has been injured and is entitled to recover damages for the costs associated with

posting bail; costs associated with defending against the unsubstantiated charges described

herein; for the deprivation of Plaintiff's constitutional and/or civil rights; mental anguish;

embarrassment; humiliation; and emotional pain, torment, and suffering.

161.    Defendants' conduct and/or misconduct was outrageous because of their evil

motives and/or reckless indifference to the rights and well-being of Plaintiff and subjected

Plaintiff to an unreasonable risk of harm. The conduct and/or misconduct of Defendants

demonstrate aggravating circumstances which justify an award of punitive damages to

deter similar future wrongdoing.

162.    WHEREFORE, Plaintiff prays for judgment for actual damages; punitive damages

attorney's fees, costs, and expenses as prevailing parties pursuant to ARK. CODE § 16-123-

105(b) and other similar statutory provisions both state and federal; and for any such other

relief the Court deems just and proper.

## **JURY**

163.    Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff

is entitled to a jury.

Respectfully Submitted,

**PAUL BYRD LAW FIRM, PLLC**
415 N. McKinley St., Suite 210
Little Rock, AR 72205
T: (501) 420-3050
F: (501) 420-3128
paul@paulbyrdlawfirm.com
patrick@paulbyrdlawfirm.com
ATTORNEYS FOR PLAINTIFF

By: _____
    Paul Byrd, ABN 85020
    Patrick Kirby, ABN 88125