IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LATASHA WILLIAMS**                                                              **PLAINTIFF**

v.                            No. 3:22-cv-2-DPM

**HIBBETT, INC.; HIBBETT RETAIL, INC.;
HIBBETT WHOLESALE, INC.;
HIBBETT SPORTING GOODS, INC;
HIBBETT SPORTS, INC.; JASON STRICKER,
Individually and Employee of Hibbett
Defendants; CITY OF WYNNE, ARKANSAS;
JACKIE CLARK, Individually and Employee
of City of Wynne Defendants;
ANTHONY DALE PARKER, Individually
and Employee of City of Wynne Defendants;
STEVEN HALLMARK, Detective, Individually
and Employee of City of Wynne Defendants; and
AMBER JEFFERSON, Individually and Employee
of Hibbett Defendants**                                                          **DEFENDANTS**

## ORDER

1.  In January 2019, someone purchased a $500 gift card from the Hibbett Sports store in Wynne with a bad check. The buyer used an online account established on Hibbett's website under the name "Latasha Williams." The buyer also used a driver's license assigned to Maurica Vickerson to validate the check. Amber Jefferson sold the gift card and accepted the check on the store's behalf. When the check didn't clear, Jason Stricker, a store employee, contacted local law enforcement. He reported that the check had been passed by "a light

skinned black female with little or no hair, heavy-set build." An investigation followed. During the investigation, Jefferson identified Latasha Williams of Conway—the plaintiff here—as the woman who passed the check. She made the identification after comparing Williams's photograph to the driver's license photograph of Maurica Vickerson. Williams was charged with forgery, identity fraud, and theft, and a warrant issued for her arrest. About six months later, Williams was arrested in Conway during a traffic stop. All the charges against her were later dismissed after a trial.

Williams sues various Hibbett entities and the two Hibbett employees (Stricker and Jefferson) for racial discrimination and constitutional violations under 42 U.S.C. § 1981, § 1983, and the Arkansas Civil Rights Act. She also makes claims for malicious prosecution, outrage, and false-light invasion of privacy under Arkansas law. The Hibbett defendants move to dismiss the claims against them. The Court takes Williams's factual allegations as true and makes all reasonable inferences in her favor. *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019). And the Court regrets its tardiness in addressing this comprehensive motion.

2.  Williams alleges that the Hibbett defendants acted under color of state law in working with law enforcement to secure her arrest and prosecution. She says that their actions make them proper defendants under § 1981, § 1983, and the Arkansas Civil Rights Act. All

three of those statutes require a defendant to act under color of state law. *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 766–67 (8th Cir. 2016) (§ 1981's full-and-equal-benefit clause); *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989) (§ 1983); *Dean v. Olibas*, 129 F.3d 1001, 1005–06 (8th Cir. 1997) (ACRA).

The Hibbett defendants are correct that a § 1981 claim brought against private actors who allegedly acted under color of state law must be brought under § 1983. *Jones v. McNeese*, 746 F.3d 887, 896 (8th Cir. 2014). All three of Williams's claims therefore require her to plausibly allege that the government "situated itself in a position of interdependence" with the Hibbett defendants or "was so connected with the actions" of Jefferson and Stricker "that the conduct in question may be attributed to the state." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004); *see also Adams ex rel. Harris v. Boy Scouts of America-Chickasaw Council*, 271 F.3d 769, 777–78 (8th Cir. 2001). Stricker made the initial report, but the complaint does not allege that the information he provided was false or that he personally identified Williams in any way. In the investigation that followed, Jefferson identified Williams as the woman who passed the bad check.

Williams has failed to state plausible claims for relief against the Hibbett defendants on her § 1981 and ACRA not-under-color-of-law claims. Those claims — Counts I & X — will be dismissed with prejudice as to those defendants. Her other discrimination claims — Counts II, III,

IV, V & IX—will proceed against the Hibbett entities and Jefferson. *Murray*, 874 F.2d at 558–59. Taken as true at this point, Williams's allegations in those counts go beyond the Hibbett entities' and Jefferson's "mere invocation of state legal procedures." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). They're sufficient to state a claim. The facts alleged, however, don't support an inference that Stricker was meaningfully involved in the investigation beyond his initial report.

3. Williams also makes three state-law tort claims against the Hibbett defendants: malicious prosecution, outrage, and false-light invasion of privacy.

First, the malicious prosecution claims survive against the Hibbett entities and Jefferson, but not against Stricker. Williams says that Jefferson, in the course of her employment with the Hibbett entities, didn't have probable cause to identify her as the person who made the fraudulent purchase. Charges were filed based on the identification. The prosecution that followed ended in Williams's favor. Those facts are sufficient to state a claim. *Bank of Eureka Springs v. Evans*, 353 Ark. 438, 454, 109 S.W.3d 672, 681–82 (2003).

Second, the facts alleged fail to state a claim for outrage under Arkansas law. *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 34, 781 S.W.2d 31, 35 (1989). Accusations of criminal activity, even if they are unwarranted, are not "atrocious" or "utterly intolerable in a civilized

society." *Ibid.*; *see also Dillard Department Stores, Inc. v. Adams*, 315 Ark. 303, 306, 867 S.W.2d 442, 443–44 (1993).

Third, although Williams has sufficiently alleged a lack of probable cause to accuse her of the fraudulent purchase, the standard for actual malice in a false-light claim is far stricter. *Wal-Mart Stores, Inc. v. Lee*, 348 Ark. 707, 740, 74 S.W.3d 634, 656–57 (2002). There is nothing in the complaint from which the Court can infer that Stricker's report was false. Beyond her recitation of the elements of a claim, Williams says that Jefferson's misidentification resulted from a failure to investigate. A failure to investigate is not enough to state a false-light claim. *Dodson v. Dicker*, 306 Ark. 108, 114, 812 S.W.2d 97, 100 (1991). Even if it could be, Jefferson's statements to law enforcement did not constitute publication as a matter of law. *Wood v. National Computer Systems, Inc.*, 814 F.2d 544, 545 (8th Cir. 1987); RESTATEMENT (SECOND) OF TORTS § 652E, cmt. a (AM. L. INST. 1977).

\* \* \*

The Hibbett defendants' motion, *Doc. 26*, is partly granted and partly denied. The claims against Stricker are dismissed without prejudice; and he is dismissed as a defendant. The § 1981 and ACRA not-under-color-of-law claims are dismissed with prejudice. The state-law outrage and false-light claims are dismissed without prejudice. The § 1981, § 1983, and ACRA under-color-of-law claims,

and the malicious prosecution claim, go forward against the Hibbett entities and Jefferson.

So Ordered.

*NPMarshall Jr.*
_____
D.P. Marshall Jr.
United States District Judge

25 October 2022
_____