IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LATASHA WILLIAMS                                                    PLAINTIFF

v.                        No. 3:22-cv-2-DPM

HIBBETT, INC.;  HIBBETT RETAIL, INC.;
HIBBETT WHOLESALE, INC.;
HIBBETT SPORTING GOODS, INC;
HIBBETT SPORTS, INC.;  JASON STRICKER,
Individually and Employee of Hibbett
Defendants;  CITY OF WYNNE, ARKANSAS;
JACKIE CLARK, Individually and Employee
of City of Wynne Defendants;
ANTHONY DALE PARKER, Individually
and Employee of City of Wynne Defendants;
STEVEN HALLMARK, Detective, Individually
and Employee of City of Wynne Defendants;  and
AMBER JEFFERSON, Individually and Employee
of Hibbett Defendants                                              DEFENDANTS

ORDER

The Clerk's Office referred Williams's motion for entry of default to chambers.  According to the letter of the Rule, Williams is entitled to a Clerk's default against the Hibbett defendants.  Fed. R. Civ. P. 55(a).  But considering all the circumstances, the Court sets the default aside for good cause.  Fed. R. Civ. P. 55(c); *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

The Hibbett defendants' delay in filing their answer is excusable.  First, the Court sees no intentional delay or bad faith on their part.

They drafted their answer before the deadline and instructed an assistant to file it. When they learned it never got filed, they sought permission to cure their mistake the same day. Second, Williams wasn't prejudiced. Other than prompting the pending motions, the Hibbett defendants' delay in filing their answer had no impact on this case. The parties have been, and still are, engaged in extensive discovery. And even though the Hibbett defendants' delay was substantial—nearly a year—Williams's delay in seeking the default was equally substantial. *Grant v. City of Blytheville*, 841 F.3d 767, 772 (8th Cir. 2016); *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010). Last, there is a strong judicial preference for adjudication on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). All material things considered, default is too severe a penalty for what happened here. *Chorosevic*, 600 F.3d at 947.

\* \* \*

Williams's motion for default, *Doc. 55*, is denied. The Hibbett defendants' motion for leave to file an answer, *Doc. 56*, is granted. Fed. R. Civ. P. 6(b)(1)(B). Answer due by 10 November 2023.

The parties' joint motion to extend deadlines, *Doc. 58*, is granted as modified. Discovery deadline extended to 9 January 2024. Dispositive and *Daubert* motions due by 9 March 2024. All other deadlines in the Third Amended Final Scheduling Order remain in effect.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 October 2023

-3-